IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREW ANTHONY LYNCH, | ) | No. C 13-1439 LHK (PR) |
| Petitioner, | ) ) | ORDER DENYING APPLICATION FOR LEAVE TO PROCEED IN |
| v. | ) ) | FORMA PAUPERIS; ORDER GRANTING MOTION TO STAY |
| WARDEN MARTIN D. BITTER, | ) ) | PETITION; INSTRUCTIONS TO THE CLERK |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has submitted a Certificate of Funds, signed by an authorized officer, that indicates that Petitioner had an average monthly balance of $ 15.43 for the past six months, and an average monthly deposit of $ 12.50 in his inmate trust account. Thus, Petitioner's application for leave to proceed in forma pauperis is DENIED.

Petitioner has also filed a motion to stay the petition and hold it in abeyance while he exhausts his state court remedies. For the reasons that follow, the Court finds that Petitioner has presented a cognizable claim for relief, and stays the petition.

## BACKGROUND

Petitioner challenges his convictions for assault with a deadly weapon and related offenses, and his 30-year to life sentence imposed by the Sonoma County Superior Court on

August 16, 2010.  The California Court of Appeal affirmed the judgment in 2012.  The California Supreme Court denied the petition for review in 2012.  The instant federal petition was filed on March 25, 2013.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

### B. Petitioner's Claim

Petitioner claims that there was insufficient evidence of great bodily injury to support the enhancement under California Penal Code § 12022.53(d).  Liberally construed, this claim is cognizable for federal habeas review.

### C. Motion to Stay

Petitioner requests a stay of his petition so that he may return to state court to exhaust four claims.  Here, Petitioner has filed a fully exhausted petition and requests a stay until the new claims he wishes to raise are exhausted, and he is able to amend the instant petition to add those claims.  Under such circumstances, the Court may grant a stay without a showing of good cause. *See King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009).  The Court has no opinion about the eventual timeliness of Petitioner's new claims, and whether they would "relate back" to the original petition.  Nonetheless, the Court finds that the most prudent decision is to wait to address these issues after Petitioner exhausts his state remedies and moves to amend his petition with the newly exhausted claims.

Accordingly, the Petitioner's motion to stay is GRANTED.

**CONCLUSION**

Accordingly, the Court orders as follows:

1. Petitioner's motion for leave to proceed in forma pauperis is DENIED. Petitioner must pay the $5 filing fee within **thirty (30) days of the date of this order or face dismissal of this action for failure to pay the filing fee.**

2. Petitioner's motion for a stay is GRANTED. This action is hereby STAYED while Petitioner exhausts his unexhausted claims in the state courts.

3. **If Petitioner wishes to have this Court consider any of his unexhausted claims, he must properly present those claims to the California Supreme Court within thirty days of the date this order is filed. Thereafter, within thirty days of the California Supreme Court's decision, he must file an amended petition in this Court setting forth his newly exhausted claims in addition to any previously exhausted claims he still wishes to have this Court consider.**

4. The amended petition must include the caption and civil case number used in this order (No. 13-1439 LHK (PR)) and the words FIRST AMENDED PETITION on the first page. The amended petition supersedes the original petition, and Petitioner may not incorporate material from the prior petition by reference. The amended petition must only include exhausted claims, and it must set forth all the claims Petitioner wishes this Court to consider with sufficient clarity and particularity for Respondent to prepare an answer.

5. This stay will be lifted, and this matter will proceed, only upon the filing of the above-described amended petition, or a notice that Petitioner has decided to abandon his unexhausted claims and wishes to proceed only with the exhausted claim in the original petition. If Petitioner does not take any further action, this case will remain stayed and he will not receive any ruling from the Court on his petition.

The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure. When Petitioner informs the Court that exhaustion has been completed, the case will be administratively re-opened. All pending

1 | motions are DENIED without prejudice to renewal once the case has been re-opened.

2 |     IT IS SO ORDERED.

3 | DATED: 7/13/13

                                      LUCY H. KOH
                                      United States District Judge