IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ANTHONY LYNCH, ) | No. C 13-1439 LHK (PR) |
| ) | |
| Petitioner, ) | ORDER RE-OPENING CASE; |
| ) | GRANTING RENEWED |
| vs. ) | MOTION TO PROCEED IN |
| ) | FORMA PAUPERIS; ORDER TO |
| MARTIN D. BITTER, Warden, ) | SHOW CAUSE |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a California prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner also requested a stay of proceedings in order to exhaust four other claims in state court. On July 15, 2013, the court found that petitioner stated a cognizable claim for relief, and granted petitioner's request for a stay. On August 8, 2013, petitioner filed an amended petition. The court sua sponte RE-OPENS this action. Petitioner also filed a renewed motion for leave to proceed in forma pauperis. Based on petitioner's Certificate of Funds, petitioner's motion is GRANTED. Respondent is ordered to show cause why the amended petition should not be granted.

**BACKGROUND**

According to the amended petition, petitioner was convicted by a jury in Sonoma County Superior Court of assault with a deadly weapon, shooting at an occupied vehicle, and active participation in a criminal street gang. On August 16, 2010, petitioner was sentenced to 30 years

to life.  In 2012, the California Court of Appeal affirmed the judgment, and the California Supreme Court denied review.  In 2013, the California Supreme Court denied petitioner's state petition for writ of habeas corpus.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B. <u>Petitioner's Claims</u>

As grounds for federal habeas relief, petitioner claims: (1) there was insufficient evidence to support the finding of the "great bodily injury" element of Penal Code Section 12022.53(d); (2) there was insufficient evidence to support petitioner's conviction of shooting at an occupied vehicle; (3) counsel rendered ineffective assistance by failing to request that the prosecutor's investigator not sit at counsel's table during trial; (4) counsel rendered ineffective assistance by failing to request a new trial prior to sentencing but after a juror informed the court about her disagreement with the verdict; and (5) counsel rendered ineffective assistance by failing to object to the prosecutor's improper statements during closing argument.  Liberally construed, petitioner's allegations are sufficient to require a response.  The court orders respondent to show cause why the amended petition should not be granted.

## CONCLUSION

1. The Clerk shall administratively RE-OPEN this action.

2. The Clerk shall serve by mail a copy of this order and the first amended petition (docket no. 9) and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order

on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within **sixty days** of the filing date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the filing date of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the filing date of this order. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of the filing date of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen days** of the filing date of any opposition.

5. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 10/3/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order Re-Opening Case; Granting Renewed Motion to Proceed In Forma Pauperis; Order to Show Cause
G:\PRO-SE\LHK\HC.13\Lynch439reopen.wpd     3