UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ANTHONY LYNCH,<br><br>    Petitioner,<br><br>v.<br><br>MARTIN D. BITTER,<br><br>    Respondent. | Case No. 13-cv-01439-JD<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The Court ordered respondent to show cause why the writ should not be granted. Respondent filed an answer and a memorandum of points and authorities in support of it, and lodged exhibits with the Court. Petitioner filed a traverse. The petition is denied.

## BACKGROUND

A jury found petitioner guilty of assault with a deadly weapon, shooting at an occupied motor vehicle, and active participation in a street gang. *People v. Lynch*, No. A129440, 2012 WL 3038536, at *1 (Cal. Ct. App. July 26, 2012). He was sentenced to thirty years to life in prison. *Id*. The California Court of Appeal affirmed the judgment on appeal. *Id*. The California Supreme Court denied a petition for review. Resp. Exs. F, G. Petitioner filed a petition for writ of habeas corpus in the California Supreme Court that was denied. Resp. Exs. H, I.

The California Court of Appeal summarized the facts of the crime as follows:

> There was evidence at trial of the following. Defendant was a Norteño street gang member. On the night of December 23, 2007, defendant was drinking beer and "hanging out" at his apartment with 15 to 20 people, many of them Norteños. Defendant told his girlfriend that he was "going to do business" and left the apartment with two other Norteños, Dominic Andino and Misael Gutierrez. The men, armed with a pistol and shotgun, drove for about 30

> minutes looking for rival Sureño gang members. They went to Sureño territory and saw a parked car occupied by Latinos. Assuming the car occupants to be Sureños, defendant and Gutierrez approached the parked car as Andino waited in the Norteños's car with the head lights extinguished and the engine running.
>
> The parked car was occupied by a driver and two passengers, one in the front seat and one in the back. Enrique Lopez was the driver. Defendant went to the driver's side of the vehicle as Gutierrez stood on the passenger's side with a shotgun. Defendant tried to open the driver's door and when he could not, ordered Lopez to open it. Lopez rolled down the window and defendant asked him if he was a Sureño. Defendant again tried opening the door and when it did not open, pointed a pistol at Lopez. Lopez unlocked the doors on both sides of the car.
>
> Defendant opened the driver's door and pointed the pistol at Lopez and Gutierrez opened the passenger's door and pointed the shotgun at the passenger. Defendant demanded that Lopez lift his shirt and show defendant Lopez's belt. Lopez said, "no, I don't [got] nothing." Gutierrez, referring to the passenger, asked defendant if he should "blow this mother fucker's head off." Defendant, while standing outside the car, then fired the pistol three or four times at Lopez, seated about a foot away inside the car.
>
> Lopez was struck by two bullets. One bullet struck him in the shoulder and went out the back and another struck him in the abdomen and remained lodged there. Lopez was taken to the hospital where he had x-rays and other tests performed. The physician who treated Lopez decided not to remove the bullet lodged in the abdomen because he felt surgery can cause more damage than leaving a bullet in place. Lopez stayed overnight at the hospital for observation and was released the next day with a prescription for pain medication.

*Lynch*, 2012 WL 3038536, at *1.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first

2

clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *See Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000). Moreover, in conducting its analysis, the federal court must presume the correctness of the state court's factual findings, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The state court decision to which § 2254(d) applies is the "last reasoned decision" of the state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Nunnemaker* at 801-06; *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

The standard of review under AEDPA is somewhat different where the state court gives no reasoned explanation of its decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim. In such a case, an independent review of the record is the only means of deciding whether the state court's decision was objectively reasonable. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003); *Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000). When confronted with such a decision, a federal court should conduct an independent review of the record to determine whether the state court's decision was an objectively unreasonable

3

application of clearly established federal law.  *Himes*, 336 F.3d at 853; *Delgado*, 223 F.3d at 982.

**DISCUSSION**

As grounds for federal habeas relief, petitioner asserts that: (1) there was insufficient evidence to support the finding of "great bodily injury" to the victim and insufficient evidence to support petitioner's conviction of shooting at an occupied vehicle; and (2) trial counsel rendered ineffective assistance by failing to request that the prosecutor's investigator not sit at counsel's table during trial, by failing to request a new trial after a juror informed the court about her disagreement with the verdict, and by failing to object to the prosecutor's improper statements during closing argument.

## I.  SUFFICIENCY OF THE EVIDENCE

Petitioner argues that there was insufficient evidence to support the jury's finding that the victim suffered great bodily injury and that petitioner shot at an occupied vehicle.

**Legal Standard**

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).  A state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt therefore states a constitutional claim, *see Jackson v. Virginia*, 443 U.S. 307, 321 (1979), which, if proven, entitles him to federal habeas relief, *see id*. at 324.

The Supreme Court has emphasized that "*Jackson* claims face a high bar in federal habeas proceedings . . . ."  *Coleman v. Johnson*, 132 S. Ct. 2060, 2062, 2064 (2012) (per curiam) (finding that the Third Circuit "unduly impinged on the jury's role as factfinder" and failed to apply the deferential standard of *Jackson* when it engaged in "fine-grained factual parsing" to find that the evidence was insufficient to support petitioner's conviction).  A federal court reviewing collaterally a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt.  *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992).  The federal court "determines only whether, 'after viewing the evidence in the light most

1  favorable to the prosecution, *any* rational trier of fact could have found the essential elements of

2  the crime beyond a reasonable doubt.'" *Payne*, 982 F.2d at 338 (quoting *Jackson*, 443 U.S. at

3  319).  Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt

4  has there been a due process violation.  *Jackson*, 443 U.S. at 324; *Payne*, 982 F.2d at 338.

**Analysis**

The California Court of Appeal reversed and denied the great bodily harm claim:

> Defendant was convicted of violating section 246, which provides, as relevant here: "Any person who shall maliciously and willfully discharge a firearm at an ... occupied motor vehicle" is guilty of a crime.  The evidence here establishes that defendant was standing outside a parked car with open doors when he shot the driver who was seated about a foot away inside the car.  Defendant argues that the evidence suggests the gun was inside "the periphery of the vehicle" when he fired the gun and that he, therefore, did not discharge a firearm at a vehicle within the meaning of section 246.  Defendant contends that it is the location of the firearm, not the shooter, that is dispositive, so that section 246 does not apply if the firearm extends into the vehicle.
> The contention was recently rejected by the California Supreme Court in an opinion issued after defendant filed his opening brief on appeal.  (*People v. Manzo* (2012) 53 Cal. 4th 880.)  The defendant in Manzo was standing outside a parked car when he reached his arm into a vehicle and shot a passenger.  (*Id*. p.885.)  Our high court affirmed the conviction, finding that "the Legislature intended section 246 to apply to a person standing outside an occupied motor vehicle and shooting into it, even if the gun has crossed the plane of the vehicle."  (*Id*. at p. 883.)  Defendant here, who was standing outside the vehicle when he fired shots into it, was properly convicted of violating section 246.
> The evidence also supports the jury's finding that defendant's discharge of a firearm at a motor vehicle caused great bodily injury.  (§ 12022.53, subd. (d).)  Great bodily injury, within the meaning of the statute, "means a significant or substantial physical injury."  (*Ibid.*, § 12022.7, subd. (f).)  Lopez's injuries meet this standard.  Lopez was struck by two bullets, one that passed through his shoulder and another that remained lodged in his abdomen.  Great bodily injury findings have been upheld where the victim suffered gunshot wounds similar to those suffered by Lopez.  (*People v. Wolcott* (1983) 34 Cal. 3d 92, 106-108; *People v. Mendias* (1993) 17 Cal. App .4th 195, 205-206.)
> In arguing that Lopez did not suffer great bodily injury, defendant relies on the treating physician's testimony that Lopez's shoulder injury was without "significant" joint or muscle damage and that the abdominal wound did not damage internal organs.  But a finding of great bodily injury does not require proof that the victim suffered "'permanent,' 'prolonged' or 'protracted' disfigurement, impairment, or loss of bodily function."  (*People v. Escobar* (1992) 3 Cal.4th 740, 750.)  Nor is the jury's finding of great bodily injury undermined by the physician's classification of the abdominal wound as "superficial."  The physician explained that he meant the

>term in a technical sense to signify that the bullet did not penetrate abdominal structures. The term superficial was used as "a physical description of where the tract [of the bullet] itself was located," not to minimize the injury. The physician clarified that the gunshot wound was "superficial to the abdominal cavity" but was not a superficial wound: "I think it's hard to describe a gunshot wound as a superficial wound." The evidence, viewed as a whole, supports the jury's finding of great bodily injury.

*Lynch*, 2012 WL 3038536, at *2.

Petitioner has failed to show that the state court's determination was an unreasonable application of Supreme Court authority. The victim was shot twice. One bullet lodged in the victim's abdomen and it was too dangerous to remove, and the second bullet passed through the victim's shoulder. The treating physician was clear that even though the victim's internal organs were not damaged, he would not classify the wound as a superficial wound. Petitioner has failed to demonstrate that no rational juror could have reasonably found that the two gunshot wounds constituted great bodily injury.

The petitioner also has not shown that there was insufficient evidence for the jury to find that he shot at an occupied vehicle. Petitioner argues that because he was standing so close to the vehicle the gun was inside the vehicle when he shot the victim; therefore, he was not outside the vehicle. As noted in the state court opinion, the California Supreme Court found in *People v. Manzo*, 53 Cal. 4th 880 (2012) that discharging a firearm at an occupied vehicle can be committed when the gun is inside the vehicle to satisfy California Penal Code section 246. Petitioner was found guilty of the same statute, thus the jury's finding was proper in light of state law. To the extent petitioner argues that state law is incorrect, he is not entitled to relief. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (determinations of state law questions not the province of federal habeas review; habeas review limited to deciding whether conviction violated Constitution, laws or treaties of the United States). Petitioner has failed to meet the high standard for a sufficiency of the evidence claim, and there was sufficient evidence to support the conviction even though petitioner was standing close to the vehicle when he shot the victim. These claims are denied.

## II.   INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner next contends trial counsel was ineffective by failing to request that the prosecutor's investigator not sit at counsel's table, by failing to request a new trial after a juror

6

informed the court about her disagreement with the verdict, and by failing to object to the prosecutor's improper statements during closing argument.[1]

**Legal Standard**

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id*.

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland*, 466 U.S. at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

**Prosecutor's Investigator**

Petitioner's trial counsel filed a motion in limine to exclude prosecution witnesses from the courtroom. Clerk's Transcript ("CT") at 440. The trial court excluded witnesses from either side except for the investigating officer. Reporter's Transcript ("RT) at 576-77. Under state law, witnesses may generally be excluded from the courtroom, but not the investigating officer designated by the prosecuting attorney. *People v. Gonzalez*, 38 Cal. 4th 932, 950-51 (2006) ("[T]he deputy district attorney, the attorney for the People, could designate an officer or employee who was 'entitled to be present.'"). Section 777 of the California Evidence Code provides as follows:

> (a) Subject to subdivisions (b) and (c), the court may exclude from the courtroom any witness not at the time under examination so that such witness cannot hear the testimony of other witnesses.

---

[1] These claims were denied without a reasoned opinion by the state court. This Court has conducted independent review of the record to determine whether the state court's decision was an objectively unreasonable application of clearly established federal law. *Delgado* at 982.

> (b) A party to the action cannot be excluded under this section.
> (c) If a person other than a natural person is a party to the action, an officer or employee designated by its attorney is entitled to be present.

The investigating officer was allowed to be in the courtroom, pursuant to California law, so any additional motion or objection asserted by trial counsel would have been denied. *See also United States v. Valencia-Riascos*, 691 F.3d 938, 941-42 (9th Cir. 2012) (Due process does not prohibit an officer who was also the victim in the case from sitting at the prosecution's table, as is permitted by Federal Rule of Criminal Procedure 615.) Trial counsel cannot be ineffective for failing to file a futile motion. *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994). Even if trial counsel had been ineffective, petitioner has not demonstrated prejudice. Petitioner identifies no specific reasons why the presence of the investigating officer prejudiced him. This claim is denied.

**New Trial Request**

Nearly three months after the trial, a juror came to court to speak at petitioner's sentencing. RT at 2916-18. The juror stated:

> I am here today to speak my mind about my dissatisfaction with the outcome of the trial. The jury deliberation was very difficult for me because I felt the prosecution had failed to prove beyond a reasonable doubt the case against [petitioner]. I tried my best to speak my mind and to compel the jury to look only at the facts and evidence. After 3 very tiring days of intense discussion, we were able to take a verdict of guilty of attempted murder off the table. However, many felt that in order to be comfortable with assault with a deadly weapon, we must find Andrew Lynch guilty of all the enhancement[s]. Regretfully I agreed. Since the trial I have been unable to be at ease with my decision. I feel that I swallowed my voice and didn't stand behind my conviction. Because of that, I fear Andrew may experience the consequences of my inability to stand up for what I believe in. If I had to do [it] over again, I would not have agreed to finding him guilty of all the felony charges and enhancements.
> My goal today is to apologize for my choices in the jury room and to request that the court will consider my statement here in determining the severity of [petitioner's] sentence.

RT at 2917-18.

Petitioner argues that trial counsel was ineffective for failing to move for a new trial after the juror gave this statement. Petitioner does not specifically argue why he should have been entitled to a new trial. California Penal Code section 1181 provides nine distinct grounds for a new trial. The only grounds that possibly, and even then remotely relate to his argument are:

> 3. When the jury has separated without leave of the court after

8

> retiring to deliberate upon their verdict, or been guilty of any misconduct by which a fair and due consideration of the case has been prevented;
> 4. When the verdict has been decided by lot, or by any means other than a fair expression of opinion on the part of all the jurors;

Cal. Penal Code § 1181.

The juror's statement would not warrant a new trial under either of these provisions. There was no indication of any misconduct by the jury or that the verdict was reached without a fair expression on the part of the jurors. It appears that this juror regretted her decision, but petitioner cites to no authority that would allow for a new trial in that circumstance.

Had trial counsel raised a motion for a new trial it almost certainly would have been denied. The juror's statements would likely not have been admissible for any motion for a new trial. "[L]ong-recognized and very substantial concerns support the protection of jury deliberations from intrusive inquiry." *Tanner v. United States*, 483 U.S. 107, 127 (1987). Federal Rule of Evidence 606(b) and California Evidence Code section 1150(a), for example, prohibit the use of juror testimony to impeach a verdict when that testimony relates to intrinsic matters, i.e., the internal, mental processes by which the verdict was rendered. *See id*. at 116-27 (discussing Fed. R. Evid. 606(b)); *People v. Cox*, 53 Cal. 3d 618, 695-96 (1991) (discussing Cal. Evid. Code § 1150(a)). In this case the juror was not describing any outside influences that affected deliberations, only her internal mental process. Because a motion for a new trial based on the juror's statement would have been denied, counsel was not ineffective for failing to file such a motion.

**Prosecutorial Misconduct**

Petitioner argues that trial counsel was ineffective for failing to object when the prosecutor made improper remarks regarding petitioner's guilt during closing argument and improperly vouched for a witness. Petitioner identifies several pages of the transcripts from the prosecutor's closing argument. RT, Vol. 23 at 4, 9-10, 24-33, 40. However, he does not specifically identify the improper remarks. After reviewing the prosecutor's statements, the Court finds no improprieties. The prosecutor accurately described the evidence that had been presented and expressed no improper personal opinion of petitioner's guilt. The prosecutor did not vouch for

9

1 any of the witnesses. Even assuming the prosecutor committed misconduct, petitioner has failed
2 to show that trial counsel was deficient for failing to object or that petitioner was prejudiced.
3 There was a great deal of evidence presented against petitioner and none of the prosecutor's
4 statements were so egregious that had trial counsel objected, the result of the proceeding would
5 have been different. Petitioner has failed to demonstrate that the state court unreasonably applied
6 Supreme Court authority in denying these claims. Petitioner is not entitled to relief, and the
7 claims are denied.

## CONCLUSION

The petition for writ of habeas corpus is **DENIED** on the merits. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

Dated: September 29, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW ANTHONY LYNCH,

    Plaintiff,

  v.

MARTIN D. BITTER,

    Defendant.

Case No. 13-cv-01439-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 29, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Andrew Anthony Lynch ID: AE-8344
SATF-CSP Facility
P.O. Box 5242
Corcoran, CA 93212

Dated: September 29, 2015

Susan Y. Soong
Clerk, United States District Court

By: _____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

11